BENJAMIN B. WAGNER
United States Attorney
COLLEEN M. KENNEDY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900
Colleen.m.kennedy@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>v.<br><br>ESTATE OF DONALD EDWARD MECCHI, DECEASED,<br><br>                        Defendant. | Case No.  2:10-cv-00782-KJM-GGH<br><br>THE UNITED STATES' *EX PARTE* APPLICATION FOR AN ORDER EXTENDING TIME FOR DISPOSITIVE MOTIONS TO BE HEARD<br><br>[L.R. 144(c)] |

      The United States respectfully requests that the Court enter an order extending the deadline for dispositive motions to be heard from April 9, 2012 to April 27, 2012.  In support of this application, the United States respectfully states as follows:

      1.     The United States brought this civil action against the estate of Donald Edward Mecchi for damages relating to the Hamilton Fire, which ignited on Mecchi's property on April 8, 2004, and escaped onto National Forest System lands in the Shasta-Trinity National Forest in Tehama County, California. The United States alleges that Mecchi caused the fire, and is seeking damages against Mecchi's estate. Defendant denies that Mecchi caused the Hamilton Fire and disputes the United States' alleged damages.

      2.     The original Scheduling Order in this case was issued by Judge Damrell on September 2, 2010, and set the deadline for dispositive motions to be heard at September 2, 2011 and the trial date at

1. January 10, 2012. (Docket #10.) Since that time, the parties have submitted stipulated requests to amend the schedule in this case on four occasions, in order to accommodate changes in counsel and difficulties that arose in the parties' attempts to complete discovery under then-existing schedules. (*See* Docket #14, 16, 20, 23.) Most recently, the parties requested, and the Court granted, a one-week extension of the deadline to complete expert discovery due to the unexpected illness of Defendant's designated expert Richard Schell—the last witness to be deposed—and also requested corresponding one-week extensions of the deadlines for dispositive motions to be filed and heard. (*See* Docket #23.) Accordingly, under the Court's most recent Minute Order regarding the case schedule, dispositive motions were to be filed no later than March 7, 2012, and heard by April 9, 2012. (Docket #24.) This Order did not disturb the dates previously set for the pretrial conference and trial, which are May 23, 2012 and July 23, 2012, respectively. (Docket #19.)

3. Discovery has now been completed, and the United States filed a Motion for Partial Summary Judgment and *Daubert* Challenge of Richard Schell on March 7, 2012. (Docket #26.) Due to a misunderstanding regarding the Court's calendar, the United States noticed this Motion for hearing on April 9, 2012, which is the last day for dispositive motions to be heard, but is not an available hearing date for civil law and motion to be heard before this Court. (Declaration of Colleen M. Kennedy in Support of *Ex Parte* Application ("Kennedy Decl."), ¶ 2.)

4. After becoming aware of this problem on the morning of Friday, March 9, 2012, the United States promptly contacted the courtroom deputy, who advised that April 27, 2012 was the next available hearing date for civil law and motion. (*Id*. ¶ 3.)

5. The United States then promptly contacted counsel for Defendant by both phone and email to attempt to obtain Defendant's stipulation to a request to extend time, but received no response before the weekend. (*Id*. ¶ 4.) The United States contacted defense counsel again by both phone and email on Monday, March 12, 2012, and defense counsel advised that afternoon that Defendant would not agree to the requested stipulation. (*Id*.) The United States subsequently made several attempts to contact defense counsel by both phone and email to determine whether Defendant would oppose the present *ex parte* application, but had received no response as of the time of this filing. (*Id*.)

/ / /

## ARGUMENT

### The Court Should Extend The Time For Dispositive Motions To Be Heard.

Under Local Rule 144(c), the Court may, in its discretion, grant an *ex parte* request for extension of time "upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained, and the reasons why an extension is necessary." The requirements for *ex parte* relief are met here.

The requested extension is appropriate given the status of the case and the present schedule, and is supported by concerns of judicial economy, efficiency, and fairness. As noted above, the deadline for dispositive motions to be heard is currently set for April 9, 2012, and the United States requests that the Court extend the time for such motions to be heard to April 27, 2012. An extension of less than three weeks would not affect the remaining dates in the case schedule, and would leave ample time before the current trial date of July 23, 2012. Defendant will therefore not be prejudiced by the requested extension. To the contrary, the extension would give Defendant substantial additional time to prepare a response to the United States' motion.

The requested extension also furthers concerns of economy and efficiency, as the United States' motion seeks to narrow the issues in the case in advance of trial. The United States' motion seeks partial summary judgment on the issue of the causation of the Hamilton Fire and, if successful, will obviate the need for trial preparation and testimony on that complex issue. The motion also seeks to exclude testimony of Defendant's only expert, Richard Schell, which would further narrow the evidence to be presented at trial.

A stipulation to extend time cannot be obtained because defense counsel has advised the United States that Defendant is unwilling to stipulate to the requested extension. (Kennedy Decl., ¶ 4.) The present request cannot be noticed on the Court's motion calendar under L.R. 230 because doing so would not allow the issue to be resolved in advance of the current date for dispositive motions to be heard and would effectively moot the request. The United States has contacted the courtroom deputy and counsel for Defendant to advise that an *ex parte* request would be made. (*Id*. ¶ 5.) As described above, the United States has made a diligent effort to determine whether Defendant will oppose this application, but has not received a response from defense counsel. (*Id*. ¶ 4.)

///

# CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court extend the time for dispositive motions to be heard as set forth above.

Respectfully submitted,

DATED:  March 13, 2012

BENJAMIN B. WAGNER
United States Attorney

By:  */s/ Colleen M. Kennedy*
COLLEEN M. KENNEDY
Assistant United States Attorney

# ORDER

Based on the *ex parte* application and accompanying declaration, and good cause appearing therefore,

IT IS HEREBY ORDERED that the United States' application is granted;

IT IS HEREBY FURTHER ORDERED that the deadline for hearing dispositive motions is extended from April 9, 2012 to April 27, 2012.

**IT IS SO ORDERED.**

Dated:  March 22, 2012.

_____
UNITED STATES DISTRICT JUDGE